## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS AG, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ROXANE LABORATORIES, INC. and BOEHRINGER INGELHEIM ROXANE, INC., )<br>)<br>)<br>Defendants. )<br>)<br>) | C.A. No. _____ |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Novartis Pharmaceuticals Corporation and Novartis AG (hereinafter "Plaintiffs"), for their Complaint against defendants Roxane Laboratories, Inc. and Boehringer Ingelheim Roxane, Inc. (hereinafter "Defendants") allege as follows:

### NATURE OF ACTION

1.      This is an action for patent infringement.

### PARTIES

2.      Plaintiff Novartis Pharmaceuticals Corporation ("NPC") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 59 Route 10, East Hanover, New Jersey 07936.

3.      Plaintiff Novartis AG ("Novartis AG") is a corporation organized and existing under the laws of Switzerland, having an office and place of business at Lichtstrasse 35, CH-4056 Basel, Switzerland.

4.     On information and belief, defendant Roxane Laboratories, Inc. ("Roxane") is a corporation organized and existing under the laws of the State of Nevada, having a place of business at 1809 Wilson Road, Columbus, Ohio 43228. Upon information and belief, defendant Roxane develops, manufactures, markets and distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district.

5.     On information and belief, defendant Boehringer Ingelheim Roxane, Inc. ("BIR") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1809 Wilson Road, Columbus, Ohio 43228, and having designated its registered agent as The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6.     On information and belief, defendant BIR is Roxane's manufacturing arm and manufactures pharmaceutical products, including tablets, for Roxane.

## JURISDICTION AND VENUE

7.     This action arises under the patent laws of the United States of America. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8.     On information and belief, Defendants are in the business of manufacturing, marketing, and selling pharmaceutical drug products, including generic drug products. On information and belief, Roxane and BIR directly or through their affiliates and agents market and sell drug products throughout the United States and in this judicial district, and have purposely availed themselves of the rights and benefits of Delaware law and this Court. This Court has personal jurisdiction over Roxane and BIR for this reason and the additional reasons set forth below, and for other reasons that will be presented to the Court if jurisdiction is challenged.

2

9.      This Court has personal jurisdiction over Roxane because it has affirmatively availed itself of the jurisdiction of this court by filing counterclaims in this district, and has previously been sued in this district and has not challenged personal jurisdiction. *See, e.g.*, *Acorda Therapeutics, Inc., et al. v. Roxane Laboratories, Inc.*, 1:14-cv-00922-LPS (D. Del.) (did not contest jurisdiction); *Teijjin Ltd., et al. v. Roxane Laboratories, Inc.*, 1:14-cv-00189-SLR (D. Del.) (did not contest jurisdiction; filed counterclaims); *Novartis Pharms. Corp. et al. v. Roxane Laboratories, Inc.*, 1:13-cv-1973-GMS (D. Del.) (did not contest jurisdiction; filed counterclaim); *Eisai Co. Ltd., et al. v. Roxane Laboratories, Inc.*, 1:13-cv-01284-LPS (D. Del.) (consolidated with 1:13-cv-1279-LPS) (did not contest jurisdiction; filed counterclaims); *Pfizer Inc., et al. v. Roxane Laboratories, Inc.*, 1:12-cv-00813-SLR (D. Del.) (did not contest jurisdiction; filed counterclaims); *Glaxo SmithKline LLC v. Roxane Laboratories, Inc., et al.*, 1:11-cv-00542-RGA (D. Del.) (did not contest jurisdiction; filed counterclaims); and *Abbott Laboratories and Wisconsin Alumni Research Foundation v. Roxane Laboratories, Inc.*, 1:10-cv-00998-GMS (D. Del.) (did not contest jurisdiction; filed counterclaims).

10.      This Court has personal jurisdiction over BIR. On information and belief, BIR is a corporation organized and existing under the laws of the State of Delaware, having designated its registered agent as The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

11.      On information and belief, BIR is the manufacturing arm for Roxane Laboratories, Inc. and manufactures pharmaceutical products including, among other things, sustained-release and controlled-release tablets.

12.      On information and belief, Defendants are agents of each other and/or work in concert with each other with respect to the development, regulatory approval, marketing,

3

sale, and distribution of pharmaceutical products throughout the United States, including into Delaware.

13.     On information and belief, Roxane and BIR have their principal places of business at the same address in Columbus Ohio and share common officers, directors and Managing Directors.

14.     This Court has personal jurisdiction over Roxane and BIR by virtue of, *inter alia*, the fact that Roxane and BIR have availed themselves of the rights and benefits of the laws of Delaware by engaging in systematic and continuous contacts with Delaware.

15.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## CLAIM FOR RELIEF – PATENT INFRINGEMENT

16.     Plaintiff NPC holds approved New Drug Application ("NDA") No. 21-560 for ZORTRESS® (everolimus) tablets (0.25 mg, 0.5 mg, and 0.75 mg dosage strengths), which contain the active ingredient everolimus. ZORTRESS® tablets were approved by the United States Food and Drug Administration ("FDA") on April 20, 2010. ZORTRESS® tablets are indicated for the prophylaxis of organ rejection in adult patients at low-moderate immunologic risk receiving a kidney transplant, and for the prophylaxis of allograft rejection in adult patients receiving a liver transplant. ZORTRESS® tablets (0.25 mg, 0.5 mg, and 0.75 mg dosage strengths) are sold in the United States by Plaintiff NPC.

17.     Everolimus is known chemically as (1R, 9S, 12S, 15R, 16E, 18R, 19R, 21R, 23S, 24E, 26E, 28E, 30S, 32S, 35R)-1, 18-dihydroxy-12-{(1R)-2-[(1S,3R,4R)-4-(2-hydroxyethoxy)-3-methoxycyclohexyl]-1-methylethyl}-19,30-dimethoxy-15, 17, 21, 23, 29, 35-hexamethyl-11, 36-dioxa-4-aza-tricyclo[30.3.1.0$^{4,9}$] hexatriaconta-16,24,26,28-tetraene-2, 3,10,14,20-pentaone and also as 40-*O*-(2-hydroxyethyl)-rapamycin. The chemical name "(1R,

9S, 12S, 15R, 16E, 18R, 19R, 21R, 23S, 24E, 26E, 28E, 30S, 32S, 35R)-1, 18-dihydroxy-12-

{(1R)-2-[(1S,3R,4R)-4-(2-hydroxyethoxy)-3-methoxycyclohexyl]-1-methylethyl}-19,30-

dimethoxy-15, 17, 21, 23, 29, 35-hexamethyl-11, 36-dioxa-4-aza-tricyclo[30.3.1.0$^{4,9}$]

hexatriaconta-16,24,26,28-tetraene-2, 3,10,14,20-pentaone" is equivalent to "40-*O*-(2-

hydroxyethyl)-rapamycin."

18.     Plaintiff Novartis AG is the owner of United States Letters Patent No.

5,665,772 ("the '772 patent"). The '772 patent was duly and legally issued on September 9,

1997.

19.     The '772 patent claims, *inter alia*, the compound which is 40-*O*-(2-

hydroxyethyl)-rapamycin, a pharmaceutical composition containing this compound, and methods

of inducing an immunosuppressant effect and preventing allograft rejection using this compound.

A true copy of the '772 patent is attached as Exhibit A.

20.     Plaintiff Novartis AG is the owner of United States Letters Patent No.

6,004,973 ("the '973 patent"). The '973 patent was duly and legally issued on December 21,

1999.

21.     The '973 patent claims, *inter alia*, pharmaceutical compositions

comprising: a solid dispersion in the form of a co-precipitate, said solid dispersion comprising

40-*O*-(2-hydroxy)ethyl rapamycin and a carrier medium, and a method of treating organ allo-

transplant rejection using said pharmaceutical compositions. A true copy of the '973 patent is

attached as Exhibit B.

22.     Plaintiff Novartis AG is the owner of United States Letters Patent No.

6,239,124 ("the '124 patent"). The '124 patent was duly and legally issued on May 29, 2001.

5

23.     The '124 patent claims, *inter alia*, methods of treating or preventing a transplant rejection and methods of treating or preventing chronic rejection of a kidney transplant in a subject at risk for such rejection, comprising co-administering synergistically effective amounts of cyclosporin A and 40-*O*-(2-hydroxyethyl)-rapamycin. A true copy of the '124 patent is attached as Exhibit C.

24.     Plaintiff Novartis AG is the owner of United States Letters Patent No. 6,455,518 ("the '518 patent"). The '518 patent was duly and legally issued on September 24, 2002.

25.     The '518 patent claims, *inter alia*, methods of treating or preventing a transplant rejection and methods of treating or preventing chronic rejection of a kidney transplant in a subject at risk for such rejection, comprising co-administering synergistically effective amounts of an IL-2 transcription inhibitor and 40-*O*-(2-hydroxyethyl)-rapamycin. A true copy of the '518 patent is attached as Exhibit D.

26.     On information and belief, Roxane submitted to the FDA an abbreviated new drug application ("ANDA") under the provisions of 21 U.S.C. § 355(j) seeking approval to engage in the commercial manufacture, use, and sale of everolimus tablets, 0.25 mg, 0.5 mg, and 0.75 mg dosage strengths ("Roxane's ANDA Products") before the expiration of the '772, '973, '124, and '518 patents.

27.     On information and belief, Roxane made and included in its ANDA a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that, in its opinion and to the best of its knowledge, the '772, '973, '124, and '518 patent claims are invalid and/or will not be infringed. Roxane did not allege that any of the '772, '973, '124, and/or '518 patent claims were unenforceable.

6

28.     Plaintiffs received written notification of Roxane's ANDA and its accompanying § 505(j)(2)(A)(vii)(IV) certification by a letter dated August 4, 2014 ("Notice Letter").

29.     This action was commenced within 45 days of receipt of the Roxane Notice Letter.

30.     By filing its ANDA under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Roxane's ANDA Products before the expiration of the '772, '973, '124, and '518 patents, Roxane has committed an act of infringement under 35 U.S.C. § 271(e)(2).

31.     On information and belief, when Roxane filed its ANDA, it was aware of the '772, '973, '124, and '518 patents and that the filing of its ANDA with the request for its approval prior to the expiration of the '772, '973, '124, and '518 patents was an act of infringement of those patents.

32.     On information and belief, the commercial manufacture, use, offer for sale, sale, and/or importation of Roxane's ANDA Products will infringe and/or induce infringement of one or more claims of the '772, '973, '124, and '518 patents.

33.     On information and belief, Roxane's ANDA Products, if approved, will contain 40-*O*-(2-hydroxyethyl)-rapamycin.

34.     On information and belief, Roxane's ANDA Products, if approved, will be pharmaceutical compositions containing a therapeutically effective amount of 40-*O*-(2-hydroxyethyl)-rapamycin and a pharmaceutically acceptable carrier.

35.     On information and belief, Roxane's ANDA Products, if approved, will contain instructions for administering an immunosuppressant effective amount of 40-*O*-(2-

ME1 18889379v.1

hydroxyethyl)-rapamycin to a subject in need of immunosuppression, which will induce an immunosuppressant effect in said subject.

36.      On information and belief, Roxane's ANDA Products, if approved, will contain instructions for administering an amount of 40-*O*-(2-hydroxyethyl)-rapamycin effective to prevent allograft rejection to a subject in need of such treatment, which will prevent allograft rejection in said subject.

37.      Roxane did not deny infringement of claims 1–3 and 7–10 of the '772 patent in its Notice Letter.

38.      On information and belief, the commercial manufacture of Roxane's ANDA Products will involve direct infringement of the '772 patent. On information and belief, this will occur at Roxane's and BIR's active behest, and with Roxane's and BIR's intent, knowledge, and encouragement.

39.      On information and belief, Roxane's ANDA Products, if approved, will be administered to induce an immunosuppressant effect in a subject in need of immunosuppression, which administration will constitute direct infringement of the '772 patent. On information and belief, Roxane and BIR will actively induce, encourage, and abet this infringement with knowledge that it is in contravention of the rights under the '772 patent.

40.      On information and belief, Roxane's ANDA Products, if approved, will be administered to prevent allograft rejection in a subject in need of such treatment, which administration will constitute direct infringement of the '772 patent. On information and belief, Roxane and BIR will actively induce, encourage, and abet this infringement with knowledge that it is in contravention of the rights under the '772 patent.

41.     On information and belief, Roxane's ANDA Products, if approved, will be pharmaceutical compositions comprising a solid dispersion in the form of a co-precipitate. On information and belief, said solid dispersion will comprise 40-*O*-(2-hydroxyethyl)-rapamycin and a carrier medium. On information and belief, said carrier medium will contain hydroxypropylmethylcellulose (a water-soluble polymer). On information and belief, said pharmaceutical composition will be free of surfactants. On information and belief, said pharmaceutical composition will contain an antioxidant.

42.     On information and belief, Roxane's ANDA Products, if approved, will contain instructions for orally administering an effective amount of a pharmaceutical composition, in the form of a co-precipitate comprising 40-*O*-(2-hydroxyethyl)-rapamycin and a carrier medium, to a subject at risk for organ allo-transplant rejection, which will treat such rejection.

43.     On information and belief, the commercial manufacture of Roxane's ANDA Products will involve direct infringement of the '973 patent. On information and belief, this will occur at Roxane's and BIR's active behest, and with Roxane's and BIR's intent, knowledge, and encouragement.

44.     On information and belief, Roxane's ANDA Products, if approved, will be orally administered to treat organ allo-transplant rejection, which administration will constitute direct infringement of the '973 patent. On information and belief, Roxane and BIR will actively induce, encourage, and abet this infringement with knowledge that it is in contravention of the rights under the '973 patent.

45.     On information and belief, Roxane's ANDA products, if approved, will contain instructions for co-administering synergistically effective amounts of cyclosporin A and

9

40-*O*-(2-hydroxyethyl)-rapamycin to a subject at risk for transplant rejection or chronic rejection of a kidney transplant, which will treat or prevent such rejection.

46.     Roxane did not deny infringement of claims 7–11 and 13-16 of the '124 patent in its Notice Letter.

47.     On information and belief, Roxane's ANDA Products, if approved, will be co-administered with cyclosporin A in synergistically effective amounts to a subject for the treatment or prevention of a transplant rejection and chronic rejection of a kidney transplant in particular in a subject at risk for such rejection, which co-administration will constitute direct infringement of the '124 patent. On information and belief, this will occur at Roxane's and BIR's active behest, and with Roxane's and BIR's intent, knowledge, and encouragement. On information and belief, Roxane and BIR will actively induce, encourage, and abet this infringement with knowledge that it is in contravention of the rights under the '124 patent.

48.     Roxane did not deny infringement of claims 7–11 and 13-16 of the '518 patent in its Notice Letter.

49.     On information and belief, Roxane's ANDA Products, if approved, will be co-administered with cyclosporin A (an IL-2 transcription inhibitor) in synergistically effective amounts to a subject for the treatment or prevention of a transplant rejection and for the treatment or prevention of chronic rejection of a kidney transplant, in a subject at risk for such rejection, which co-administration will constitute direct infringement of the '518 patent. On information and belief, this will occur at Roxane's and BIR's active behest, and with Roxane's and BIR's intent, knowledge, and encouragement. On information and belief, Roxane and BIR will actively induce, encourage, and abet this infringement with knowledge that it is in contravention of the rights under the '518 patent.

10

Case 1:14-cv-01196-RGA   Document 1   Filed 09/16/14   Page 11 of 13 PageID #: 11

50.     Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any approval of the ANDA relating to Roxane's ANDA Products be a date that is no earlier than March 9, 2020, the expiration of the '772 patent's pediatric exclusivity, and an award of damages for any commercial sale or use of Roxane's ANDA Products and any act committed by Roxane or BIR with respect to the subject matter claimed in the '772, '973, '124, and '518 patents, which act is not within the limited exclusions of 35 U.S.C. § 271(e)(1).

51.     On information and belief, Roxane and BIR have taken and continue to take active steps towards the commercial manufacture, use, offer for sale, sale, and/or importation of Roxane's ANDA Products, including seeking approval of those products under Roxane's ANDA.

52.     There is a substantial and immediate controversy between Plaintiffs and Defendants concerning the '772, '973, '124, and '518 patents. Plaintiffs are entitled to declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Defendants will infringe and/or induce infringement of one or more claims of the '772, '973, '124, and '518 patents.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A.     Judgment that Roxane has directly infringed and/or induced infringement of one or more claims of the '772, '973, '124, and '518 patents by filing an ANDA relating to Roxane's everolimus tablets, 0.25 mg, 0.5 mg, and 0.75 mg dosage strengths;

B.     A permanent injunction restraining and enjoining Defendants and their officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or

ME1 18889379v.1

importation into the United States, of Roxane's everolimus tablets, 0.25 mg, 0.5 mg, and 0.75 mg dosage strengths, as claimed in the '772, '973, '124, and '518 patents;

C.      An order that the effective date of any approval of the ANDA relating to Roxane's everolimus tablets, 0.25 mg, 0.5 mg, and 0.75 mg dosage strengths, be a date that is not earlier than the expiration of the right of exclusivity under the '772, '973, '124, and '518 patents;

D.      Declaratory judgment that the commercial manufacture, use, offer for sale, sale, and/or importation of Roxane's everolimus tablets, 0.25 mg, 0.5 mg, and 0.75 mg dosage strengths, will infringe one or more claims of the '772, '973, '124, and '518 patents and/or that Defendants will induce infringement of one or more claims of the '772, '973, '124, and '518 patents;

E.      Damages from Defendants for the infringement and inducement of infringement of the '772, '973, '124, and '518 patents;

F.      The costs and reasonable attorney fees of Plaintiffs in this action; and

G.      Such other and further relief as the Court may deem just and proper.

Dated: September 16, 2014                     McCARTER & ENGLISH, LLP

                                              /s/ Daniel M. Silver
                                              Daniel M. Silver (#4758)
                                              Renaissance Centre
                                              405 N. King Street, 8th Floor
                                              Wilmington, Delaware 19801
                                              (302) 984-6300
                                              *dsilver@mccarter.com*

                                              *Attorneys for Plaintiffs*

ME1 18889379v.1

Of Counsel:

Nicholas N. Kallas
Charlotte Jacobsen
Christina Schwarz
Laura K. Fishwick
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, New York  10104-3800
(212) 218-2100
*nkallas@fchs.com*
*cjacobsen@fchs.com*
*cschwarz@fchs.com*
*lfishwick@fchs.com*

13